UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL F. VALDEZ,

          Petitioner,

v.

JERI BOE,

          Respondent.

CASE NO. 3:18-cv-05369-BHS-JRC

ORDER DENYING MOTION FOR STAY AND ABEYANCE

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §§ 636 (b)(a)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner Samuel F. Valdez initially filed this petition in May of 2018. Dkt. 1. After the Court directed service on respondent (Dkt. 5), but before respondent filed a response, plaintiff filed a motion for a stay and abeyance (Dkt. 7). He states he has now filed a timely pleading in the state courts to exhaust an unidentified number of unexhausted grounds, and requests that the Court stay his case until he has fully exhausted those grounds. *Id*. Respondent opposes the stay,

1 | stating that although petitioner has filed additional pleadings with the state courts, it is unclear
2 | whether any of petitioner's claims in his habeas petition are actually unexhausted. Dkt. 8.
3 | Respondent requests that the Court deny petitioner's motion without prejudice, allowing
4 | respondent to respond to the habeas petition and submit the relevant state court records before
5 | determining whether any of petitioner's habeas grounds are unexhausted. *Id*.

6 | A state prisoner seeking habeas corpus relief in federal court must exhaust available state
7 | relief prior to filing a petition in federal court. *See* 28 U.S.C. § 2254. Claims for relief that have
8 | not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v.*
9 | *Borg*, 24 F.3d 20, 24 (9th Cir. 1994). However, exhaustion of state court remedies is an
10 | affirmative defense that may be expressly waived by the State. 28 U.S.C. § 2254(b)(3); *Libby v.*
11 | *Neven*, 580 Fed. App'x 560, 564 (9th Cir. 2014); *see also Razo v. Thomas*, 700 F. Supp. 2d 1252,
12 | 1262-63 (D. Hawaii 2010) (citing *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003);
13 | *Franklin v. Johnson*, 290 F.3d 1223, 1239 (9th Cir. 2002)). When a petitioner has submitted a
14 | mixed petition – a petition with both exhausted and unexhausted grounds – the district court may
15 | generally exercise one of three options: (1) dismiss the mixed petition without prejudice; (2) stay
16 | the mixed petition to allow the petitioner to present his unexhausted grounds to the state court; or
17 | (3) allow the petitioner to withdraw the unexhausted grounds and proceed with the remaining
18 | grounds. *See Rhines v. Weber,* 544 U.S. 269, at 274-79 (2005).

19 | Here, petitioner has submitted five grounds for habeas relief, but has not identified which
20 | grounds are unexhausted in his motion to stay. Respondent has not yet filed a response raising
21 | exhaustion as a defense, and the Court has not yet received the relevant state court records to
22 | determine which grounds petitioner has exhausted and which grounds he has not. Further, it is
23 | possible that, even if petitioner's habeas grounds are unexhausted, the State may waive the
24 |

1  exhaustion defense. Even though petitioner filed a motion pursuant to Washington Criminal Rule
2  7.8 with the state court, seeking relief from his judgment (*see* Dkt. 8-1), it is still unclear at this
3  time which grounds, if any, are unexhausted. Thus, petitioner's request for a stay is premature.
4      Therefore, the Court denies petitioner's motion for stay and abeyance (Dkt. 7) without
5  prejudice. Once respondent has provided a response and the state court record, and if petitioner
6  can show that he has presented unexhausted claims in this habeas petition, and the respondent
7  affirmatively alleges failure to exhaust remedies as a defense, then petitioner may file a new
8  motion for a stay.
9      Dated this 20th day of July, 2018.

                                                 J. Richard Creatura
                                                 United States Magistrate Judge