UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL F. VALDEZ,

                Petitioner,

     v.

JERI BOE,

                Respondent.

CASE NO. 3:18-cv-05369-BHS-JRC

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR COUNSEL

       The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Samuel F. Valdez, proceeding *pro se*, filed this federal habeas petition pursuant to 28 U.S.C. § 2254. Dkts. 1, 4.

       In September of 2018, petitioner requested leave to file an amended petition. Dkt. 16. However, the Court denied his motion without prejudice because petitioner had not filed his motion in accordance with local rules. Dkt. 19. Petitioner has now filed a second motion to amend comporting with local rules. Dkt. 20. He has also filed a motion for appointment of counsel. Dkt. 22.

ORDER GRANTING MOTION TO AMEND AND
DENYING MOTION FOR COUNSEL - 1

1  **I.      Motion to Amend**

2       Plaintiff has filed a motion to amend and has attached a proposed amended petition. Dkts.
3  20, 20-1. Because the time for filing an amended petition as a matter of course has already
4  passed, petitioner requires respondent's written consent or the Court's leave to file his amended
5  petition. *See* Fed. R. Civ. P. 15(a)(2). Here, respondent has provided a written response stating
6  she does not oppose petitioner's motion to amend. Dkt. 23. Therefore, petitioner's motion to
7  amend (Dkt. 20) is granted.

8  **II.     Motion for Counsel**

9       Plaintiff requests that the Court appoint him counsel. Unless an evidentiary hearing is
10 required or such appointment is "necessary for the effective utilization of discovery procedures,"
11 there is no right to appointed counsel in cases brought under 28 U.S.C. § 2254. *See McCleskey v.*
12 *Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir.
13 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718
14 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District
15 Courts 6(a) and 8(c). However, the Court may appoint counsel "at any stage of the case if the
16 interests of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint
17 counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of
18 the petitioner to articulate his claims pro se in light of the complexity of the legal issues
19 involved." *Id.*

20      Here, the Court has not yet determined whether an evidentiary hearing will be held, nor
21 has it determined that discovery is necessary. Further, petitioner has only now been given leave
22 to file his amended petition, and so the Court has not yet had the ability to examine the petition's
23 likelihood of success on the merits. In addition, petitioner effectively articulated his claims in his

24

original petition and has effectively filed his amended petition without the assistance of counsel. Thus, the Court finds justice does not yet require the appointment of counsel at this time. Therefore, petitioner's motion for counsel is denied without prejudice. Petitioner may request counsel at a later date, and may renew his motion if the Court orders an evidentiary hearing or determines additional discovery is necessary.

### III. Instructions to Parties and the Clerk

For the reasons stated above, petitioner's motion to amend (Dkt. 20) is granted. The Clerk is directed to file petitioner's proposed amended petition (Dkt. 20-1) as his amended petition.

Respondent may submit a supplemental or amended response to petitioner's amended response, along with any additional relevant state court records, on or before January 4, 2019. Petitioner may file his optional traverse on or before February 1, 2019.

Petitioner's motion for counsel (Dkt. 22) is denied without prejudice. Petitioner may request counsel again if the Court orders an evidentiary hearing, requires discovery, or justice otherwise requires it.

The Clerk is directed to renote this habeas petition ready for consideration on February 1, 2019.

Dated this 3rd day of December, 2018.

J. Richard Creatura
United States Magistrate Judge